## Peters *v.* Dalton, Appellant (No. 2).

Argued Dec. 13, 1904. Appeal, No. 149, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 3587, striking off appeal from justice of the peace in case of Jacob M. Peters v. Thomas Dalton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

OPINION BY BEAVER, J., January 17, 1905:

Two rules were granted in this case:

1. To show cause why the appeal should not be stricken off on the ground of the suit before the magistrate having been based upon a lease which waived the right of appeal. The same question arises here as we had in No. 149 of October term, 1904, between the same parties, in which an opinion has this day been filed. The question upon the rule to strike off the appeal is precisely the same as in that case and we have reached the same conclusion, under an examination of the case.

2. The other rule, however, was taken by the appellant to show cause why the proceedings should not be quashed on the ground that the suit before the magistrate was based not only upon the lease for rent, but for consequential damages arising from the defendant's quitting the premises without proper notice and leaving them unprotected, by reason of which third parties,

strangers to the lease, entered and stole lead pipe and did other damage to the property. The transcript of the judgment before the magistrate does not clearly indicate that the claim for damages was of the character indicated by the appellant in his affidavit. So far as the transcript itself is concerned, the judgment may be for damages for something done or omitted to be done under the lease, and might be entirely consistent with such a claim. No testimony was taken, and we cannot reach a definite conclusion in regard to the matter from the record as it now stands. Inasmuch as the case goes back for trial, however, the whole question can be tried upon the appeal without prejudice to the rights of either party.

For the reasons set forth, however, in No. 149 of October term, 1904, the order of the court striking off the appeal should be, and now is, reversed and the appeal reinstated.